UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,

            Plaintiff,

            v.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,

            Defendant.

Civ. A. No. 19-2577

## ANSWER

Defendant, United States Department of Health and Human Services ("Defendant"), by and through counsel, hereby responds to Plaintiff's Complaint as follows:

### RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant answers as follows:

1. This paragraph contains Plaintiff's characterization of its action, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

## JURISDICTION AND VENUE[1]

2.  This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits that this Court has subject matter jurisdiction under the Freedom of Information Act ("FOIA"), as limited by the relief available under FOIA.

3.  This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits that venue is proper in this District.

4.  This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

## PARTIES

5.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6.  Defendant admits that it is a department of the executive branch of the U.S. government headquartered in Washington, D.C. and that it is an agency within the meaning of 5 U.S.C. § 552(f). Defendant denies the remainder of the allegations in this paragraph.

## STATEMENT OF FACTS

7.  This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

8. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents. Defendant admits that a document is attached to the Complaint as Exhibit A that contains the subject line "Freedom of Information Act Request."

9. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

10. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

11. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents. Defendant admits that a document is attached to the Complaint as Exhibit B that contains the subject line "Freedom of Information Act Request."

12. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary,

Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

13. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

14. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents. Defendant admits that a document is attached to the Complaint as Exhibit C that contains the subject line "Freedom of Information Act Request."

15. This paragraph contains Plaintiff's characterization of its FOIA request, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

16. This paragraph contains Plaintiff's characterization of three letters, not allegations of fact, to which no response is required. Defendant admits that three documents are attached to the Complaint as Exhibits D–F that are letters to Mr. Austin R. Evers, each dated April 3, 2019. To the extent a response is deemed necessary, Defendant admits only that Plaintiff submitted a FOIA request on or about March 18, 2019, and that Defendant sent Plaintiff three letters on or about April 3, 2019. Defendant respectfully refers the Court to those letters for a true and accurate statement of their contents.

17. This paragraph contains Plaintiff's characterization of two documents, not allegations of fact, to which no response is required. Defendant admits that two documents are attached to the Complaint as Exhibit G that purport to be an email with attachment from Sara Creighton to kara.wells@hhs.gov, sent April 5, 2019. To the extent a response is deemed necessary, Defendant respectfully refers the Court to those documents for a true and accurate statement of their contents.

18. This paragraph contains Plaintiff's characterization of two documents, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant respectfully refers the Court to those documents for a true and accurate statement of their contents.

19. Defendant admits that the status of the three requests was at one time "In Process." Defendant denies any remaining allegations in this paragraph.

20. Defendant admits that it has not sent any further communications to American Oversight. Defendant denies the remainder of the allegations in this paragraph.

21. Defendant admits that it has not yet notified American Oversight of any determination regarding American Oversight's FOIA requests or produced all of the requested records or demonstrated that the records are lawfully exempt from production. Defendant denies any remaining allegations in this paragraph.

22. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

23. Defendant's responses to paragraphs 1–22 above are hereby incorporated by reference as if set forth fully herein.

24. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

25. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits that it is an agency within the meaning of 5 U.S.C. § 552(f). Defendant denies the remainder of the allegations in this paragraph.

26. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

27. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

28. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

29. Defendant's responses to paragraphs 1–28 above are hereby incorporated by reference as if set forth fully herein.

30. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

31. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits that it is an agency within the meaning of 5 U.S.C. § 552(f). Defendant denies the remainder of the allegations in this paragraph.

32. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

33. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

34. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

35. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any of the relief requested in this section, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA, 5 U.S.C. § 552.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

Dated:  September 30, 2019

                Respectfully submitted,

                JESSIE K, LIU, D.C. Bar # 472845
                United States Attorney for the District of Columbia

                DANIEL F. VAN HORN, D.C. Bar # 924092
                Chief, Civil Division

By: */s/ John Moustakas*
     John Moustakas, D.C. Bar #442076
     Assistant United States Attorney
     555 Fourth Street, N.W.
     Washington, D.C. 20530
     (202) 252-2518
     john.moustakas@usdoj.gov